**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA**              **13-cr-6159-FPG(JWF)**

                    **v.**                          **NOTICE OF MOTION TO**
                                                    **REMOVE EMS AND**
                                                    **CURFEW CONDITIONS**
**MATTHEW KING,**                                   **FROM RELEASE ORDER**
                              **Defendant.**

_____

**MOTION BY**:                    Mark D. Hosken, Supervisory Assistant
                                  Federal Public Defender, Attorney for
                                  Matthew King.


**DATE, TIME & PLACE**:           At a date and time to be set before the
                                  Honorable Jonathan W. Feldman, 2330 U.S.
                                  Courthouse, Rochester, New York.


**SUPPORTING PAPERS**:            Affirmation of Mark D. Hosken, affirmed on
                                  October 25, 2013, the attachments hereto,
                                  and all prior proceedings had herein.


**RELIEF REQUESTED**:             An Order granting the relief requested herein.


Dated:        October 25, 2013
              Rochester, New York


                                  _____/s/Mark D.  Hosken_____
                                  Mark D. Hosken
                                  Supervisory Assistant Federal Public Defender
                                  Federal Public Defender's Office
                                  28 East Main Street
                                  First Federal Plaza, Suite 400
                                  Rochester, New York 14614
                                  585-263-6201
                                  Mark_Hosken@fd.org
                                  Attorney for Matthew King


TO:    Craig Gestring, AUSA
       David Varalli, USPO

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

                       **13-cr-6159-FPG(JWF)**

        **v.**

                       **AFFIRMATION**

**MATTHEW KING,**

                 **Defendant.**

_____

      Mark D. Hosken, Supervisory Assistant Federal Public Defender for the

Western District of New York, affirms as follows:

      1.      I am an attorney licensed to practice law in the State of New York and

in the United States District Court for the Western District of New York, and I

represent the defendant, Matthew King.

      2.      I make this affirmation in support of the defendant's application to

remove the mandatory Electronic Monitoring Supervision (EMS) and curfew

conditions imposed in violation of the Due Process Clause as applied to Mr. King.

Further, should this Court decline to address the constitutional challenge I ask this

Court to remove the EMS and curfew requirements as unreasonable conditions.

# INDEX

<u>Page</u>

I.      INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.     LEGAL AUTHORITY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

         A.    Statutory. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

         B.    Case Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    APPLICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

AO 72A
(Rev. 8/82)

## I.  INTRODUCTION

3.      Mr. King was arrested by federal agents on October 7, 2013.  That arrest was based on a Criminal Complaint filed on September 25, 2013.  The complaint charged the defendant knowingly used the internet to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).  The illegal conduct allegedly occurred on July 23, 2012, fourteen months prior to the preparation, completion, and filing of the pending criminal complaint.

4.      Mr. King was interviewed by a Pretrial Services Officer shortly after his arrest of October 7, 2013.  A report was prepared for this Court's review prior to the defendant's initial appearance.  That report recommended the defendant's release on numerous conditions.  Some of those conditions were designated as the mandatory Adam Walsh Conditions.  Two of the Adam Walsh Act (hereinafter AWA) conditions required the imposition of EMS with a curfew.

5.      Mr. King appeared before this Court on October 7, 2013.  The government did not seek an order of detention.  This Court ordered the defendant's release with conditions that included the AWA requirements.  Counsel objected to the imposition of the EMS and curfew conditions as unreasonable under the circumstances and as unconstitutionally applied to Mr. King.  This Court directed counsel to file this written application to address the challenge to the imposition of the EMS and curfew conditions.

3

## II.  LEGAL AUTHORITY

**A.**     <u>**Statutory**</u>

6.     18 U. S. C. § 3142(c) requires the Court to order the pretrial release of a defendant subject to the *least restrictive* condition or combination of conditions.  That subsection includes fourteen potential conditions ranging from remaining in the custody of a designated person and ending with any other condition that is reasonably necessary to assure the appearance of the person and assure the safety of any other person in the community.

7.     The Adam Walsh Child Protection and Safety Act of 2006, became effective on July 27, 2006.  That statute mandated courts impose specific conditions of release on individuals simply accused of committing an offense involving a minor victim.  The required conditions included: travel restrictions, no contact with alleged victim or witness, refrain from possession of a firearm, report to probation, and EMS with at least a curfew.  These AWA conditions are set out in 18 U.S.C. § 3142(c)(1).

**B.**     <u>**Case Law**</u>

8.     One of the first challenges to the AWA mandatory conditions was brought before Magistrate Judge Foschio in *United States v. Crowell*, 2006 WL 3541736 (W.D.N.Y., Dec. 7, 2006).  Judge Foschio found the mandatory imposition

of the AWA conditions violated procedural due process, the separation of powers

doctrine, and the Excessive Bail Clause of the Eighth Amendment.

9.    Other courts reached similar conclusions:  *United States v. Karper*, 847

F.Supp.2d 350 (N.D.N.Y. 2011) (home detention and electronic monitoring

conditions of AWA facially and as applied violated the Due Process Clause); *United*

*States v. Arzberger,* 592 F.Supp.2d 590 (S.D.N.Y. 2008) (imposition of curfew with

electronic monitoring facially violated the Due Process clause); *United States v. Torres*,

566 F.Supp.2d 591 (W.D.Tex. 2008) (mandatory curfew requirement violated the

Due Process Clause); *United States v. Vujnovich*, 2007 WL 4125901 (D.Kan. 2007)

(electronic monitoring requirement violated procedural and substantive due process,

the separation of powers doctrine, and Excessive Bail Clause of the Eighth

Amendment); *United States v. Smedley,* 611 F.Supp.2d 971 (E.D.Mo. 2009),

(detention, a curfew, and electronic monitoring violated the Due Process Clause);

*United States v. Merritt*, 612 F.Supp.2d 1074 (D.Neb. 2009) (curfew and electronic

monitoring violated the Due Process Clause); and *United States v. Polouizzi*, 697

F.Supp.2d 381 (E.D.N.Y. 2010) (curfew with electronic monitoring violated

procedural due process as applied).

10.    A few courts rejected constitutional challenges to the AWA conditions

of release: *United States v. Gardner*, 523 F.Supp.2d 1025, (N.D.Cal. 2007); *United*

*States v. Cossey*, (D.Mont. 2009), 637 F.Supp.2d 881, *United States v. Kennedy*, 327

5

Fed. Appx. 706 (9th Cir. 2009), and *United States v. Stephens*, 594 F.3d 1033 (8th Cir. 2010).  Three courts, (*Cossey*, *Kennedy*, and *Stephens*), found two of the six mandatory AWA conditions absolute, i.e., no contact with the victim and no firearm.  The remaining release conditions including EMS were left to the discretion of the judge.  Thus, the "as applied" claim was not sustained.  The sole opinion that rejected all challenges is *Gardner*.

11.    Though the court in *Gardner* rejected the defendant's constitutional challenges and granted the government's request to add EMS to the previously imposed curfew condition, the judge was concerned with the automatic imposition of the AWA conditions.

> While the Court is troubled by automaticity of the Adam Walsh Act in imposing certain release conditions without a judicial determination, the facts of the instant case do not support Ms. Gardner's procedural due process claims.

*Id.* at 1032

### III.  APPLICATION

12.    According to the Pretrial Services Report, Mr. King is a 30 year old, life-long resident of Rochester, New York.  Mr. King maintains a close relationship with his father and two sisters.  All reside in the Rochester area.  Mr. King resides with his aunt who owns the residence.  Mr. King is college educated and a veteran of the

6

United States Air Force Reserves.  Mr. King is gainfully employed.  Though Mr. King was hospitalized in 2012 resulting from an emotional issue, he was and is prescribed medication to treat this issue.  Mr. King also attends treatment through SB Outreach.  Mr. King has no history of alcohol or substance abuse.

13.     Mr. King is currently supervised by the Monroe County Office of Probation and Community Corrections.  The supervision is part of a sentence imposed in the Monroe County Court on February 19, 2013.  That sentence was for Mr. King's convictions for Criminal Sex Act and Endangering the Welfare of a Child.  Mr. King pleaded guilty to having sexual contact with a minor (believed to be the same minor he allegedly enticed in the instant offense).  That conduct and the conduct alleged in the criminal complaint occurred on or before July 23, 2012.  Mr. King was ordered to serve six months in jail followed by a ten year term of probation.

14.     Mr. King also registered as a Sex Offender under the New York State Division fo Criminal Justice Services.  He is classified as a Level 2 offender.

15.     Mr. King is required to follow numerous conditions while under probation supervision.  These conditions fill seven pages of text.[1]  Four of these pages are known as Sex Offender Conditions.  Some of the imposed conditions mirror the AWA mandated release conditions in this matter.  These state conditions **prohibit** possession of a firearm/dangerous weapon, **prohibit** contact with the victim,

---

[1]Counsel reviewed a draft of the probation conditions imposed by the state court.  I await a final copy which I will provide to the Court and government when received.

unsupervised contact with any child under age 17, **prohibit** the use of a computer or other internet access device without permission of the supervising probation officer, and **prohibit** the possession of any pornography.  Mr. King does not contest the imposition of these AWA release conditions as they were previously imposed by the state judge.  Mr. King's state probation conditions do not require curfew or EMS.

16.     On October 7, 2013, the day of Mr. King's arrest and initial appearance before this Court, counsel spoke with a supervisor at the Monroe County Office of Probation and Community Corrections.[2]  She noted Mr. King's reporting requirements were recently relaxed based on his gainful employment, his participation in sex offender treatment and his consistent reporting history.  The supervisor advised that Mr. King was in full compliance of his conditions of supervision.

17.     This Court's mandatory imposition of the AWA conditions based solely on the nature of the charged offense cannot withstand constitutional scrutiny.  The well reasoned decisions determined the curfew and EMS conditions unconstitutionally restrict the individual's freedom of movement or right to travel: (*Karper*, 847 F.Supp.2d at 357; *Torres*, 566 F.Supp.2d at 597; *Arzberger*, 592 F.Supp.2d at 600; and *Smedley*, 611 F.Supp.2d at 975).  As Magistrate Judge Foschio properly concluded in *Crowell*,

---

[2]Mr. King's probation officer was out of the office attending training activities.

8

> the (AWA), by mandating the imposition of
> certain pretrial release conditions, establish
> that an arrest on the stated criminal charges,
> without more, irrebuttably establishes that
> such conditions are required, thereby
> eliminating an accused's right to an
> independent judicial determination as to
> required release conditions, in violation of the
> right to procedural due process applicable to
> the instant proceedings under the Fifth
> Amendment.

2006 WL 3541736, * 10.

18.    Here, the EMS and curfew conditions imposed by this Court as applied

to Mr. King violate his rights under the Due Process Clause.  His freedom of

movement is unreasonably restricted without sufficient constitutional reason.  Mr.

King is required to wear an ankle bracelet and abide by a curfew simply because the

allegations involve a minor victim.  This lack of individualized judicial determination

renders the imposition of these conditions unconstitutional.

19.    Alternately, the defendant maintains the EMS and curfew conditions are

unreasonable under the specific facts present in this case.  The most compelling factor

is the defendant's continued supervision by state probation authorities on conditions

that exceed those imposed by this Court.  Moreover, the defendant's stable residence

with his aunt, his employment, his ongoing treatment at SB Outreach, his history of

successful compliance with his state probation conditions, the family support in the

Rochester community, the age of the alleged criminal conduct which occurred

9

fourteen months prior to the commencement of the instant offense, and Mr. King's

registry with New York State Division of Criminal Justice Services support this

application.  There is no need to impose further conditions of release including EMS

and a curfew.  The statute and case law mandate release on the least restrictive

condition or combination of conditions.  EMS and a curfew are not and cannot be

the least restrictive combination of conditions under the circumstances present before

this Court.


## IV.  CONCLUSION

20.     Counsel requests this Court enter an Order striking the EMS and curfew

conditions as violative of the Due Process Clause as unconstitutionally applied to Mr.

King.  Alternately, the defendant asks this Court to strike these conditions as

unreasonable under the facts and circumstances present in this matter.

**WHEREFORE**, counsel seeks the requested relief removing the unreasonable

and unnecessary conditions and for any other relief found to be reasonable by this

Court.

10

Dated:      October 25, 2013
              Rochester, New York

                                        Respectfully submitted,


                                        ____/s/Mark D. Hosken_____
                                        Mark D. Hosken
                                        Supervisory Assistant Federal Public Defender
                                        Federal Public Defender's Office
                                        28 E. Main Street, Suite 400
                                        Rochester, New York 14614
                                        585-263-6201
                                        Mark_Hosken@fd.org
                                        Attorney for Matthew King

TO:   Craig Gestring, AUSA

11

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

    **v.**          **13-mj-621-JWF**

**MATTHEW KING,**

      **Defendant.**
_____


### CERTIFICATE OF SERVICE


   I hereby certify that on October 25, 2013, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

   1.  Craig Gestring, AUSA – craig.gestring@usdoj.gov


   And, I hereby certify that I have emailed the document to the following non-CM/ECF participant(s).

   1.  David Varalli, USPO - david_varalli@nywp.uscourts.gov


           ____/s/Judith M. Middleton_____
           Judith M. Middleton
           Federal Public Defender's Office
           28 E. Main Street, Suite 400
           Rochester, New York 14614
           585-263-6201

AO 72A
(Rev. 8/82)