IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.

MATTHEW KING,

      Defendant.

13-CR-6159 (FPG)



---

## PLEA AGREEMENT

The defendant, MATTHEW KING, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to the indictment which charges a violation of Title 18, United States Code, Section 2422(b) (coercion and enticement), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

1

2.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim or victims' compensable losses as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements

2

for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5.      The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.  ELEMENTS AND FACTUAL BASIS

6.      The defendant understands the nature of the offense set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.     The defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice or   coerce an individual under the age of 18 to engage in sexual activity;

b.     The defendant believed that such individual was less than 18 years of age; and

c.     The defendant could have been charged with a criminal offense for engaging in the sexual activity.

## FACTUAL BASIS

7.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   The defendant was employed as a Youth Care Professional at the Hillside Children's Center (HCC) in Rochester, within the Western District of New York. Hillside Children's Center is a provider of care for youth and families with a wide range of emotional, behavioral, or life-circumstance challenges. HCC offers mental health, child welfare, juvenile justice, special education, safety net, and developmental disabilities services to children and families throughout Central and Western New York.

b.   As a Youth Care Professional at HCC, KING had direct supervisory responsibility over at risk youth, including CHILD, a 15 year old boy. Between February and August 2012, CHILD was a resident at the Hillside Children's Center during which time KING came into contact with CHILD on a regular basis. KING knew CHILD was 15 years old.

c.   On or about July 23, 2012, KING contacted CHILD over the internet using a Hewlett-Packard Pavilion Slimline Desktop Computer, serial number MXV95104DS. KING discussed furthering his sexual relationship with CHILD and specifically, discussed engaging in anal sexual conduct with CHILD.

d.   During that online contact over the internet, KING warned CHILD that anal intercourse was "…gonna hurt at first". He also discussed whether they should use a condom. Shortly after this online chat, KING arranged to pick up and meet CHILD in person. KING drove over and picked up CHILD, took him back to KING'S house, and then

4

engaged in anal sexual conduct with CHILD.

e. It is a crime under New York Penal Law, specifically § 130.40: Criminal Sexual Act – Third Degree, for a person over 21 years of age to engage in anal sexual conduct with a person less than seventeen years old.

## III.   SENTENCING GUIDELINES

8.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

9.      The government and the defendant agree that Guidelines §§ 2G1.3(a)(3) apply to the offense of conviction and provide for a base offense level of 28.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.     The government and the defendant agree that the following specific offense characteristics do apply:

a. the two level increase pursuant to Guidelines § 2G1.3(b)(4) [the offense involved the commission of a sex act];

b. the two level increase pursuant to Guidelines § 2G1.3(b)(1) [the minor was in the custody and care of the defendant at the time of the offense]; and

c. the two level increase pursuant to Guidelines § 2G1.3(b)(3) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct].

5

**ADJUSTED OFFENSE LEVEL**

11.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 34.

**ACCEPTANCE OF RESPONSIBILITY**

12.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 31.

**CRIMINAL HISTORY CATEGORY**

13.     It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

**GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT**

14.     It is the understanding of the government and the defendant that, with a total offense level of 31 and criminal history category of II, and taking into account the applicable

6

statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of 121 to 151 months, a fine of $15,000 to $150,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in Paragraph 1 of this agreement.

15.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a 121 month term of imprisonment as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

16.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

17.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral

attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the production of child pornography, the possession of child pornography or the coercion and enticement of a minor which is not time barred as of the date of this agreement.   This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

18.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.   APPEAL RIGHTS

20.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph 14, above, notwithstanding the manner in which the Court determines the sentence.   In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph 14, above,

9

notwithstanding the manner in which the Court determines the sentence.   However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. FORFEITURE PROVISIONS
## COMPUTERS

23.     As a result of his conviction on the foregoing offense alleged in Count 1 of the Superseding Information, the defendant agrees to criminally forfeit to the United States pursuant to Title 18, United States Code, Section 2428, any property, real and personal, used or intended to be used to commit or to facilitate the commission of such offense, and all property traceable to such property, including but not limited to the following:

A Hewlett-Packard Pavilion Slimline Desktop Computer, serial number MXV95104DS.

24.     The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 18, United States Code, Section 2428. The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

10

25.     After the acceptance of this Plea of Guilty, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a <u>Preliminary Order of Forfeiture</u> covering the items listed in Paragraph 23, above.   The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>.   The defendant further consents and agrees that the <u>Order of Forfeiture</u> shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

26.     The defendant agrees to the entry of an Order of Forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

27.     The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence.   Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

11

28.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the previously listed assets.   The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.   The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

29.     The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the items listed in Paragraph 22 as provided in this agreement.

## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

30.     This plea agreement represents the total agreement between the defendant, MATTHEW KING, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL JR.
United States Attorney
Western District of New York

BY:

CRAIG R. GESTRING
Assistant U.S. Attorney

12

Dated: ~~June~~ July 21, 2014

I have read this agreement, which consists of 13 pages. I have had a full opportunity to discuss this agreement with my attorney, Mark D. Hosken, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

MATTHEW KING
Defendant
Dated: ~~June~~ July 21, 2014

MARK D. HOSKEN, ESQ.
Attorney for the Defendant
Dated: ~~June~~ July 21, 2014

13